Lambert F. and Betty W. Richtig v. Commissioner.
Lambert F. v. Commissioner
Docket No. 18578.
United States Tax Court
1950 Tax Ct. Memo LEXIS 306; 9 T.C.M. (CCH) 1; T.C.M. (RIA) 50001; January 10, 1950
*306 Lambert F. Richtig, pro se. Byron M. Coon, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar years 1944 and 1945. Deficiencies were determined in the respective amounts of $322.10 and $320.93. The petition alleges error in disallowance of deductions for contributions, interest, taxes, losses, medical expense, business expense and "miscellaneous expense." [The Facts] The petitioners are husband and wife, residing in California. Joint Federal income tax returns for the taxable years were filed by the petitioners with the collector for the sixth district of California. Petitioner Lamber F. Richtig, hereinafter referred to as petitioner, was in the business of clothes cleaning and pressing during a part of 1944. The petitioner Lambert F. Richtig represented himself and wife at the hearing. [Opinion] The evidence in this case is unsatisfactory and in a confused state. Taken as a whole it indicates in many instances a tendency toward over-estimation of expenses, and contradictions appear. It largely consists of statements unsupported by documentation, and many of the documents adduced did not *307 relate to the taxable years here involved. As to a great many items there was not even oral statement that the amounts had been paid, though reference was made to them, with the apparent inference that they were contended to have been paid. Some payments claimed are not shown to be in the taxable years. Many instruments were offered without explanation and could not be related to the deductions claimed; others pertained to items not disallowed by the Commissioner. Only by reliance on the principle of Cohan v. Commissioner, 39 Fed. (2d) 540, have we in most instances been able to allow deductions. After detailed examination of the evidence adduced, we find that the petitioners made the following payments, and deductions therefor are allowed: In the Year 1944
Contributions
$ 74.50
Taxes
43.60
Miscellaneous Expenses
177.10
Interest
none
In the Year 1945
Contributions
$ 74.50
Taxes
117.15
Miscellaneous Expenses
220.35
Interest
160.86
We further find that the petitioners suffered the following losses, and deductions therefor are approved: In the Year 1944
In the Year 1945
$100.00
$64.59
We find that medical expenses *308 were paid as follows: In the Year 1944
In the Year 1945
$325.00
$291.00 These amounts will be considered, under Section 23 (x) of the Internal Revenue Code, in entering decisions. We find that the deficiency is in part due to negligence under Section 293 (a) of the Internal Revenue Code; therefore approve addition of the negligence penalty as contended for by the respondent. Decision will be entered under Rule 50.